IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS DREYFUS COMMODITIES SUISSE, SA,<br><br>        *Plaintiff,*<br><br>v.<br><br>FINANCIAL SOFTWARE SYSTEMS, INC.,<br><br>        *Defendant.* | CIVIL ACTION<br>NO. 14-5995 |

**PAPPERT, J.**                                                                                                               July 7, 2017

**MEMORANDUM**

      The Court previously granted summary judgment in favor of Louis Dreyfus Commodities Suisse, SA and against Financial Software Systems, Inc ("FSS"). After the Court entered judgment, Dreyfus sought to execute the judgment and conducted post-judgment discovery. Dreyfus now seeks supplemental relief in aid of execution under Federal Rule of Civil Procedure 69. It requests the production of stocks and other securities Financial Software Systems owns in third-party, foreign companies. FFS contends that those securities have always been held outside of Pennsylvania, and Dreyfus has not alleged otherwise. Because the state-law procedures incorporated by Federal Rule of Civil Procedure 69 do not permit the requested relief, the Court denies the motion, without prejudice.

**I.**

      Dreyfus and FSS entered into a software license and maintenance agreement in 1996. *See* (Summ. J. Mem., at 1, ECF No. 39). Following a dispute under the agreement, Dreyfus sued FSS in an English Court, which entered a default judgment

1

after FSS failed to appear.  (*Id.*)  Dreyfus sought to enforce that judgment by serving process on FSS in Pennsylvania.  (*Id.*)  Both parties moved for summary judgment.  (ECF Nos. 25 & 30.)  FSS argued that Dreyfus did not properly serve FFS with the English claim form because Dreyfus used a process server instead of a sheriff as required by Pennsylvania law.  (Summ. J. Mem., at 2; Pl.'s Stmt., ¶ 15, ECF No. 25-3.)  Dreyfus, meanwhile, contended that FSS had agreed by contract to submit to the jurisdiction of English courts and thus could not claim that the English courts lacked personal jurisdiction over it.  (*Id.*)  The Court therefore had to determine whether the English courts had personal jurisdiction over FSS, which would have allowed Dreyfus to have its judgment recognized and enforced under Pennsylvania law.  (*Id.*)

The Court ruled for Dreyfus, holding that the default judgment was enforceable because FFS unambiguously consented to the personal jurisdiction of English Courts in its agreement with Dreyfus, and there was no dispute that FFS had actual notice of and opportunity to defend itself in the English action.  (*Id.* at 9.)  The Court therefore granted Dreyfus's motion on October 9, 2015, (ECF No. 40), and entered judgment on December 9, 2015, (ECF No. 45).

FSS filed a notice of appeal on December 22, 2015, (ECF No. 46), and Dreyfus requested a writ of execution against FSS's property on December 24, (ECF No. 48).  Dreyfus then served interrogatories on FSS and third parties in aid of executing the judgment.  *See* (ECF Nos. 49–50, 54–56).  On January 24, 2017, Dreyfus filed a motion for supplementary relief in aid of execution.  (ECF No. 59.)  It seeks to compel FSS to turn over to the United States Marshall any stocks, bonds and securities it may hold in Spot Systems, Inc., Financial Software Systems, Pte, Ltd, and Hyperabad Spectrum

Finsoftware Services Private Limited.[1] To the extent FFS cannot produce those securities, Dreyfus seeks to compel the company to issue original or replacement shares of stock, bonds or securities in those companies. FFS filed its response on February 7, 2017. (ECF No. 60.)

## II.

Federal Rule of Civil Procedure 69 governs the execution process in federal court, including discovery in aid of execution.[2] *Randall Mfg., LLC v. Pier Components, LLC*, No. 14-0346, 2017 WL 1519498, at *2 (M.D. Pa. Apr. 27, 2017). Rule 69 states: "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a)(1). The Court must therefore consider the relevant Pennsylvania law in determining whether to grant Dreyfus's motion.

## III.

Pennsylvania Rule of Civil Procedure 3118 governs relief in aid of execution. lwhich a judgment has been entered may, before or after the issuance of a writ of

---

[1] FFS notes that these companies are from California, Singapore and India, respectively. It also notes that the latter two companies are actually named Financial Software Systems (Singapore) Pte, Ltd and Hyderabad Spectrum Finsoftware Services Private Limited. (Def.'s Resp., at 3, ECF No. 59.)

[2] Although the Court's summary judgment decision is pending appeal, district courts retain jurisdiction to resolve motions in aid of execution where the judgment is not superseded. *See Printing & Paper Trades Auxiliary Workers v. Cuneo E. Press, Inc. of Pa.*, 72 F.R.D. 588, 590 n.1 (E.D. Pa. 1976).

execution, enter an order against a party or person" by, among other things, enjoining the transfer, removal or disposition of any security.³ PA. R. CIV. P. 3118(a)(2).

While parts of Rule 3118 appear sweeping, the rule is meant only to preserve the status quo. *Hearst/ABC-Viacom Ent. Servs. v. Goodway Marketing, Inc.*, 815 F. Supp. 145, 147 (E.D. Pa. 1992). Dreyfus emphasizes that the rule permits the Court to grant "other such relief as may be deemed necessary and appropriate." *See* (Pl.'s Mem., at 3 (quoting PA. R. CIV. P. 3118(a)(6)). And the rule requires only summary proceedings to grant such relief. *Greater Valley Terminal Corp. v. Goodman*, 202 A.2d 89 (Pa. 1964). That broad authority, however, may only be used to maintain the status quo. *Id.* Thus where a judgment creditor seeks to compel a judgment debtor to deliver securities into Pennsylvania "without proof that [the securities were] removed from the court's jurisdiction with the intent to prevent execution," Rule 3118 is "of no avail." *Chadwin v. Krouse*, 386 A.2d 33, 36 (Pa. Super. Ct. 1978).

The relief Dreyfus seeks is beyond the scope of Rule 3118. FFS contends that the securities at issue have "at all relevant times . . . been located outside of Pennsylvania." (Def.'s Resp., at 1, ECF No. 60.) And Dreyfus does not allege that the securities in question were ever possessed in Pennsylvania. In light of that, the Court will not utilize the summary proceedings of Rule 3118 to bring those securities into the Commonwealth. *See Chadwin*, 386 A.2d at 36. *Compare, e.g.*, *Savitsky v. Mazzella*, 93 F. App'x 439, 440 (3d Cir. 2004) (upholding grant of motion under Rule 3118 where judgment creditor "alleged [the judgment debtor] was the sole owner of all shares of stock in Colonial Investment Company, a Pennsylvania corporation, and that the stock

---

³ The Court cannot grant a motion under Rule 3118 without notice and a hearing. PA. R. CIV. P. 3118(a). Because the relief requested goes beyond the scope of Rule 3118, the Court will not grant the motion and need not hold a hearing.

4

was originally possessed by [the judgment creditor], or on his behalf, in Pennsylvania"), *with Chadwin*, 386 A.2d at 36 (overturning lower court's decision to grant a motion under Rule 3118 where the ruling would "compel[ ] a judgment debtor to bring property into the state when there is no evidence that it has ever had a Pennsylvania situs"). The same may be said of Dreyfus's alternative request.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.