# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS DREYFUS COMMODITIES SUISSE, SA,<br>    *Plaintiff,*<br><br> v.<br><br>FINANCIAL SOFTWARE SYSTEMS, INC.,<br>    *Defendant.* | CIVIL ACTION<br>NO. 14-5995 |

**PAPPERT, J.**　　　　　　　　　　　　　　　　　　　　　　　February 27, 2020

## MEMORANDUM

  The Court previously granted summary judgment in favor of Louis Dreyfus Commodities Suisse, SA, recognizing as valid a foreign judgment against Financial Software Systems, Inc ("FSS"). (ECF Nos. 39 and 40.) Judgment was affirmed by the Third Circuit. *Louis Dreyfus Commodities Suisse, SA v. Fin. Software Sys., Inc.*, 703 F. App'x 79, 80 (3d Cir. 2017). Since then, seeking to execute the judgment, Dreyfus has conducted post-judgment discovery. Two post-judgment motions are now before the Court. The first is Dreyfus's motion seeking to compel FSS to produce further documents in aid of execution of the judgment (ECF No. 106) which FSS opposes. (ECF No. 125.) Dreyfus has replied to FSS's opposition. (ECF Nos. 148 and 149). The second is FSS's motion for a protective order seeking to preclude the production of documents by Branch Banking and Trust Company ("BB&T") (ECF No. 153) which Dreyfus opposes. (ECF No. 154). The Court grants Dreyfus's motion in part and denies FSS's motion.

I

A

With respect to Dreyfus's motion, Federal Rule of Civil Procedure 69 provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules *or* by the procedure for the state where the court is located."[1]  Fed. R. Civ. P. 69(a)(2) (emphasis added).  "[A]ll discovery procedures provided in the [Federal Rules of Civil Procedure] are available" in aid of execution on a judgment.  Fed. R. Civ. P. 69 advisory committee's note.  Discovery under Federal Rule of Civil Procedure Rule 26(b)(1) must be "relevant" and "proportional" to the case's needs.  Fed. R. Civ. P. 26(b)(1).  Rule 69 discovery "'must be calculated to assist in collecting on a judgment.'" *Haiying Xi v. Shengchun Lu*, --- F. App'x ----, No. 18-3541, 2020 WL 751819 (3d Cir. Feb. 14, 2020) (quoting *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012).  "Information that could not possibly lead to executable assets" is not relevant.  *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 144 (2014).  Also, the Court may limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).  However, "'an evasive or incomplete disclosure, answer or response'" to a Rule 69 discovery request "'must be treated as a failure to disclose, answer, or respond,'" and supports a motion to compel.  *Xi*, 2020 WL 751819, at *2 (quoting Fed. R.

---

[1]  Pennsylvania Rule of Civil Procedure 3117 also allows for discovery in aid of execution.  Pa. R. Civ. P. 3117.  "Discovery under Rule 3117 . . . is 'pure discovery,' intended as an ancillary aid in the discovery of assets."  *PaineWebber, Inc. v. Devin*, 658 A.2d 409, 412 (Pa. Super. Ct. 1995).  It "allows a judgment creditor to obtain information necessary to locate any assets of the judgment debtor and begin the process of execution or attachment of that property."  *Randall Mfg., LLC v. Pier Components, LLC*, No. 14-346, 2017 WL 1519498, at *2 (M.D. Pa. Apr. 27, 2017).  "[I]f the requested testimony or material is not relevant to the discovery of assets of the defendant," the Court may restrict Rule 3117 requests for discovery.  *Paine Webber*, 658 A.2d at 413.

Civ. P. 37(a)(4)).

B

Because FSS has yet to satisfy the judgment against it, Dreyfus seeks information that will enable it to enforce and collect on the judgment. Dreyfus served FSS with a supplemental request for production on July 5, 2018 seeking: certain "active contracts" between FSS and its customers, a June 20, 2018 accounts receivable list, the last invoices FSS supplied to customers on the accounts receivable list and copies of FSS "computerized books of account" described at Karen Cavanaugh's deposition. (*See* Dreyfus Mot., ECF No. 106, Ex. A.) In August 2018, subject to broad objections that the requests were not relevant or proportional, "vague and ambiguous" and sought documents outside of FSS's possession or control, FSS represented that it "w[ould] produce any agreements it currently has with its customers to provide services or license software to those customers at a mutually convenient date and location." (Dreyfus Mot., Ex. B, at 1-3.) It stated that it "w[ould] supplement the information contained in a document produced at FSS00000216 for a statement of accounts receivable as of February 28, 2017" with information for March 1, 2017 through June 30, 2018 and that it would do the same in response to the request for the FSS computerized books of account described at Cavanaugh's deposition. (*Id.* at 3-4.) FSS also represented that it "w[ould] produce a copy of each invoice it issued for services rendered in June, 2018." (*Id.* at 3.) Instead of producing the promised copies of its books of account, FSS "extracted and provided limited data" pertaining to its sales and service transactions. (Dreyfus Mot. at 5.) In addition, FSS substituted "invoice level information and customer information" for its requested contracts and invoices. (*Id.*)

Unsatisfied with FSS's supplemental discovery response, Dreyfus seeks to compel production of: (1) any agreements FSS had as of July 5, 2018 with its customers to provide services or license software to those customers . . . as well as any other contracts related to customers identified in the receivables list that FSS produced on June 29, 2019; (2) addresses for the customers identified in the June 29, 2019 receivables list; (3) copies of invoices FSS issued for services it rendered to customers identified in the June 29, 2019 receivables list; (4) FSS's full and complete books of account for 2018; and (5) a full and complete response to its Second Supplementary Post-Deposition Request for Production of Documents transmitted on July 2, 2019.[2] (Dreyfus Mot. at ECF p. 1-2 (proposed order)).

FSS responds that "in late June, 2019," it "produced supplemental reports of its accounts payable and accounts receivable" for March 2017 through June 2019" and contends that the "[r]eports contain more than enough information for Plaintiff to execute upon its judgment, including the names of customers and the amounts due from those customers." (FSS Resp., ECF No. 125 at 1.) FSS argues that "the only purpose for broadly seeking all contracts, invoices, and books of account is to unreasonably harass, annoy, cause great expense to, and interrupt" its business operations. (*Id.*) It complains that requested information is not proportional to

---

[2] Federal Rule of Civil Procedure Rule 37(a)(1) requires a party moving to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Drefyfus's motion does not attach this certification. For the sake of expedience and judicial economy, the Court concludes that the exchanges between counsel documented in Dreyfus's motion (Dreyfus Mot. ¶¶ 4-14) generally satisfied Rule 37(a)(1)'s certification requirement but reminds the parties of their Rule 37 obligation to confer in an effort to obtain any further discovery without Court action. Counsel are also reminded that the Court encourages parties to address routine discovery disputes through the scheduling of a telephone conference prior to filing a motion. *See* Section II.C.2. of the Court's Policies and Procedures (February 2020).

Dreyfus's need to execute the judgment and that it "provided Plaintiff information sufficient to execute upon its judgment" by producing the supplemental reports. (*Id.* at 3-4.)

The documents Dreyfus requests are relevant to its efforts to execute the judgment against FSS. They will allow it "to identify assets from which the judgment may be satisfied . . . ." *Xi*, 2020 WL 751819, at *2 (quoting 13 James Wm. Moore et al., Moore's Federal Practice § 69.04 (3d ed. 2019)). Dreyfus's garnishment efforts have not permitted it to fully recover the outstanding judgment[3] even though the supplemental reports FSS produced to Dreyfus show that FSS's business generates a substantial cash flow. (*See* Dreyfus Reply, Ex. A, ECF No. 149.) After filing its motion to compel, Dreyfus was able to garnish a bank account titled in FSS's name, producing a $1,501.31 recovery. (See ECF Nos. 133 and 141; *see also* Dreyfus Resp., ECF No. 154 at 2.) Also after filing its motion to compel, Dreyfus sought entry of judgment by admission against Brown Brothers Harriman & Co. as a garnishee after it admitted that it had an "invoice dated August 28, 2019 *on the letterhead of Ion Group*, sent on behalf of Financial Software Systems, Inc., for $582,677.29 in monies owed." (ECF No. 137, at 3 (emphasis added); *see also* ECF No. 140 and Dreyfus Resp. at 2.) Brown Brothers satisfied a judgment against it in that amount (ECF No. 152) and a writ of execution has been issued against it for the remainder of the judgment entered against FSS. (ECF Nos. 155, 156, 157.) Other garnishees served with interrogatories in attachment informed Dreyfus that they owed nothing to FSS at the time the writs of execution were

---

[3] It appears that $360,301.00 of the judgment against FSS remained unsatisfied as of January 17, 2020, with interest to accrue thereafter "at a daily rate f $11.27 from 01/17/2020 at 0.54% per annum." (ECF No. 155.)

5

served through their response dates. (Dreyfus Reply, ECF No. 148 at 3.)

Dreyfus contends it has a heightened need for production of the "requested contracts and invoices that FSS keeps hidden" because garnishees "have been reluctant to acknowledge their contractual and financial relationships with FSS . . . ." (*Id.* at 2.) Given that Brown Brothers Harriman & Co. received an invoice from an entity other than FSS sent on FSS's behalf, Dreyfus is entitled to discover further information regarding FSS's relationships with its customers. Dreyfus is "permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor." *Xi*, 2020 WL 751819, at *2 (quoting 13 James Wm. Moore et al., Moore's Federal Practice § 69.04 (3d ed. 2019)).

The information Dreyfus seeks is not disproportional to the case's needs given the magnitude of the still-unsatisfied judgment. Fed. R. Civ. P. 26(b)(1). However, in order ensure that the requested discovery is not unreasonably burdensome to FSS, the Court will compel FSS to produce: (1) any agreements FSS had as of July 5, 2018 with its customers to provide services or license software to those customers, including but not limited to Spectrum (Front, Middle and Back), Spectrum Treasury CashTrack, Spectrum Warehouse and Spectrum Technology, as well as any other contracts related to customers identified in the receivables list that FSS produced on June 29, 2019; and (2) copies of invoices FSS issued for services it rendered to customers identified in the June 29, 2019 receivables list. If Dreyfus remains unable to fully execute the judgment against FSS after FSS produces this information, Dreyfus may renew its motion to compel with respect to the other information requested.

II

Federal Rule of Civil Procedure 69 also governs FSS's motion for a protective order. In Rule 69 post-judgment discovery, a plaintiff "is entitled to examine third parties to determine if a judgment debtor has concealed or transferred assets applicable to satisfying its judgment." *Allstate Insurance Co. v. Mirvis*, No. 08-4405, 2017 WL 10398552, at *1 (E.D.N.Y. Jan. 25, 2017) (citation omitted). Dreyfus may seek Rule 69 discovery from non-party BB&T if has a relationship with FSS that might cause BB&T to "'possess concealed or fraudulently transferred assets of'" FSS. *Id.* at *2 (quoting *Vazquez v. Ranieri Cheese Corp.*, No. 07-464, 2013 WL 101579, at *2 (E.D.N.Y. Jan. 8, 2013)).

FSS did not identify BB&T as an invoiced customer in the summary chart it produced to Dreyfus. (Dreyfus Mot., Ex. D., ECF No. 107.) However, according to FSS's motion for a protective order, BB&T informed counsel for Dreyfus and FSS that "it has a contractual relationship with Spot Systems, Inc. ("Spot") to license the Spectrum software product" (the software product that gave rise to underlying foreign judgment in this matter) and "it received an invoice from Spot in 2019 for maintenance associated with the Spectrum software product." (FSS Mot., ECF No. 153 at 3; *see also* Dreyfus Resp., ECF No. 154, at 2 (citing an informal disclosure by BB&T "that for maintenance associated with Spectrum software products, its contract and financial obligation is with Spot Systems, Inc.")) FSS contends that it is entitled to a protective order precluding BB&T from producing documents to Dreyfus because they "are unrelated to any services provided by FSS to BB&T or any monies owed by BB&T to FSS" and "will not lead to the discovery of any information about the location or

7

amount of FSS' assets." (FSS Mot. at 2.)  Dreyfus responds that it may discover Spectrum contracts and invoices from BB&T in order to determine whether they are related to services provided by FSS to BB&T or any monies owed by BB&T to FSS. (Dreyfus Resp. at 2-3.)

Dreyfus has the better argument.  The presumption under Rule 69 is "in favor of full discovery of any matters arguably related to the [creditor's] efforts to trace [the debtor's] assets and otherwise to enforce the judgment."  *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).  BB&T possesses information that is arguably related to Dreyfus's efforts to enforce the judgment against FSS.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.